# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 07-1390


**CMS TRUNKLINE GAS CO., LLC, ET AL.**

**VERSUS**

**STATE OF LA, THROUGH THE DOTD**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 211,534
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Glenn B. Gremillion, Judges.


**AFFIRMED.**

**Bernard Lindes Knobloch, Jr.**
**Attorney at Law**
**P. O. Box 94245**
**Baton Rouge, LA 70804**
**(225) 237-1341**
**Counsel for Defendant/Appellee:**
**State of LA, Thru The DOTD**

**Christopher J. Guillory**
**The Gray Law Firm, APLC**
**P. O. Box 1467**
**Lake Charles, LA 70602-1467**
**(337) 494-0694**
**Counsel for Plaintiffs/Appellants:**
**CMS Trunkline Gas Co., LLC**
**Centennial Pipeline, LLC**

**SAUNDERS, Judge.**

This is a case wherein a pipeline company is attempting to recoup costs it incurred to relocate three of its pipelines from the State of Louisiana, through the Department of Transportation and Development (DOTD). The three pipelines were constructed beneath Highway 28 in Rapides Parish and had to be relocated because of a DOTD project to widen the highway. The permit granted to the pipeline company contained the condition that should the DOTD require the pipelines to be relocated due to a widening of the highway, their relocation would be done at the expense of the pipeline company.

While the pipeline company concedes that it must pay for the relocations within the DOTD's right of way, it claims that the DOTD should pay its costs in relocating the parts of the pipelines originally located outside the DOTD's right of way that it had to move to different locations outside the DOTD right of way in order for the pipelines to function properly.

The trial court ruled in favor of the DOTD. The pipeline company appealed. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

The facts relevant to this case are undisputed. This case involves a claim by CMS Trunkline Gas Company, L.L.C., and Centennial Pipeline, L.L.C. (collectively "Trunkline") against the DOTD. Trunkline is attempting to recoup the costs of relocating its three pipelines that cross Gardner-Alexandria Highway 28 in Rapides Parish. Trunkline was issued a permit to construct each of these pipelines from the Louisiana Department of Highways, predecessor of the DOTD.

Relocation of the three pipelines beneath Highway 28 was necessitated by a the DOTD highway widening project. Prior to beginning the project, DOTD requested

that Trunkline relocate its three pipelines by burying them deeper. After reserving its rights to seek reimbursement, Trunkline complied with the request.

Trunkline acknowledges that to the extent its pipelines were within the DOTD right of way, it must bear the expenses incurred in relocating the three pipelines to locations within the said right of way. However, as to the portions of the three pipelines that were located outside the DOTD's right of way that must be relocated due to Trunkline burying the pipelines deeper as per the DOTD request, Trunkline contends that it is entitled to recoup all relevant expenses incurred. DOTD disagreed, contending that it had no financial responsibility for the costs associated with the relocation of the three pipelines per the clear language of the permit its predecessor granted to Trunkline.

A trial of this matter was held on May 15, 2007. In its written reasons dated June 14, 2007, the trial court did not render any opinion with respect to whether Trunkline could recoup its relocation costs incurred for the pipeline relocations insofar as they were outside the DOTD's right of way. After ruling in favor of DOTD that a portion of the right of way had not prescribed due to non-use, the trial court incorrectly stated that the "entire relocation took place within the 350 foot right of way granted to (the DOTD)."

Trunkline filed a motion for new trial on June 21, 2007, contending that the judgment of the trial court was clearly contrary to the law and evidence. A hearing on the motion was held on August 13, 2007. On August 14, 2007, the trial court issued its written reasons, denying Trunkline's motion for new trial. In its written reasons, the trial court held that so long as the DOTD did not acquire additional right of way, it did not owe compensation to Trunkline for its relocation costs. Trunkline appealed

alleging one issue presented for review.

**ISSUE PRESENTED FOR REVIEW:**

Trunkline presented the following issue for review:

Is a natural gas pipeline company entitled to recover expenses it incurred to relocate its pipelines outside a public entity's right-of-way, when said pipeline relocations are solely necessitated by actions taken by the public entity within the public entity's right-of-way, and when said pipeline relocations are demanded by the public entity without just compensation?

**DISCUSSION OF THE MERITS:**

Trunkline argues that under the facts of this case before us, it is entitled to recover expenses it incurred to relocate its pipelines from their original location outside the DOTD's right-of-way, to another location, also outside of the DOTD's right-of-way. For the following reasons, we do not agree.

"If the words of a contact are clear, explicit, and lead to no absurd results, it must be interpreted by reference to the 'four corners' of the document and no further interpretation can occur in search of the parties' intent." *Hebert v. Ins. Ctr., Inc.*, 97-298, p.5 (La.App. 3 Cir. 1/7/98), 706 So.2d 1007, *writ denied*, 98-353 (La. 3/27/98), 716 So.2d 888; (La.Civ.Code art. 2046.)

Each permit given to Trunkline contained the following provision:

SECOND: That all fixtures and appurtenances thereto, after having been erected, shall at all times be subject to inspection and the right is reserved to require such changes, additions, repairs, *relocations* and removal as may at anytime be considered necessary to permit the relocation, reconstruction, *widening* and maintaining of the highway and to provide proper safe protection to life and property on or adjacent to the highway, or in the interest of safety to traffic on the highway, and that *the cost of* making such changes, additions, repairs and *relocations shall be borne by the applicant.*
(Emphasis added.)

The language of the permit is clear. All pipelines that have been erected are subject to the DOTD specifically reserving the right to require relocations considered

3

necessary to widen the highway. The cost of those relocations are to be paid by Trunkline.

The trial court found *Tenneco Oil Co. v. Board of Commissioners for the Lake Borgne Basin Levee District*, 567 So.2d 113 (La.App. 4 Cir.), *writ denied*, 569 So.2d 989 (La.1990), to be on point. The *Tenneco Oil* case provided that compensation in a situation such as this is due only for destruction of improvements located in any additional servitude taken by the public entity. Trunkline argues that the reasoning of *Tenneco Oil* sets forth an improper and unnecessary hurdle to just compensation and that the cases cited therein had no such obstacle. We find no error in the trial court's application of *Tenneco Oil* to the case at bar.

Highway 28 was in existence prior to Trunkline requesting a permit from the DOTD to pass beneath it. The DOTD agreed to allow Trunkline to place its pipeline under the existing highway. In exchange, Trunkline agreed to relocate its pipeline at its own cost if the DOTD requested that pipeline be relocated. Trunkline was aware when it signed this permit that if its pipeline needed to be relocated within the DOTD's right of way, it would also have to relocate its pipeline both before and after it crossed the DOTD's right of way. This contingency has now materialized, and, under the clear language between the parties, Trunkline must bear the costs of its relocation.

Trunkline contends, however, that the holding of the trial court was an unconstitutional taking. Trunkline cites the Louisiana Constitution, Article 1, Section 4, Paragraph (B), which, in pertinent part, states, "[p]roperty shall not be taken or damaged by the state or its political subdivision except for public purposes and with just compensation."

4

We find no merit to this contention. The DOTD is not taking or effecting anything from Trunkline's servitude with adjacent landowners. All of the work done by the DOTD is contained within its existing right of way. It is certainly correct that if the DOTD did require the use of an additional right of way to widen the highway, it would have to pay the relocation expenses of Trunkline in that additional area. This, however, is the not the case before us. Trunkline argues that there is a "domino effect" associated with the relocation of its pipelines within the DOTD's right of way that extends beyond that right of way and the DOTD is responsible for the "off right of way" relocation just as if it had acquired an additional right of way. It contends that the "domino effect" negatively impacts its offsite pipelines, causes offsite expenses, and, as such, is a "taking" within the meaning of Article 1, Section 4, Paragraph (B).

We note that the DOTD is not in the pipeline business. The relocation of the offsite pipelines is not for the benefit or use of the DOTD. The fact that relocation of the pipelines has a "domino effect" that causes offsite expenses in addition to onsite expenses is a reality that was known to Trunkline when it agreed to the terms of its permit. Accordingly, we find no unconstitutional taking.

Finally, Trunkline asserts that the trial court's Written Reasons in its Judgment on the merits is erroneous as the trial court incorrectly stated that the "entire relocation took place within the 350 foot right of way granted to (DOTD)." We agree that the trial court was erroneous in making that statement, however, that error is harmless as, to this court, where the relocation took place is not relevant. The permit language is clear. Trunkline is to pay for the costs of relocation regardless of where the pipelines were situated with respect to the DOTD's right of way. It is not

necessary for us to order the trial court to amend its judgment as its judgment makes no reference to the location of the pipelines. The trial court's judgment states, "IT IS ORDERED that CMS Trunkline Gas Company, L.L.C. and Centennial Pipeline, L.L.C.'s claims for recoupment due to the relocation of pipelines are denied, with plaintiff to pay costs."

**CONCLUSION:**

We agree with the trial court's denial of Trunkline's claim to recoup its costs in relocation of its pipelines. We find no reason why the DOTD should have to pay for the relocation of Trunkline's pipeline either within or outside of the DOTD's right of way. Trunkline entered into an arms length agreement via permit with the DOTD, and the language of that permit is clear. We affirm the trial court's judgment and assess all costs associated with this appeal to Trunkline.

**AFFIRMED.**